UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL G. WERSANT,

Plaintiff,

v.

MARK A. CAREY et al.,

Defendants.

26 Civ. 8134 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Paul G. Wersant, an attorney proceeding *pro se*, commenced this diversity action on September 21, 2026, claiming his co-counsel and clients unlawfully withheld funds obtained from a settlement in a Tennessee state court case that are owed to Plaintiff as a contingency fee. ECF No. 5. Plaintiff seeks compensatory and treble damages against Defendants under New York law. *Id.* at 18-25. On October 4, 2026, Plaintiff filed an emergency motion for a temporary restraining order and preliminary injunction against Defendant Mark A. Carey (the "TRO Motion"). ECF No. 30. On October 5, 2026, Defendant Carey, an attorney proceeding *pro se*, filed an opposition ("TRO Opp."), ECF No. 33, and supporting declaration, ECF No. 32. Plaintiff filed a reply on October 7, 2026. ECF No. 36.

The TRO Motion requests that the Court "direct[] Defendant Carey to fully account for and disburse the monies that he illegally withheld from Mr. Wersant." TRO Motion at 2. For the reasons explained below, the motion for a temporary restraining order is **DENIED**.

## LEGAL STANDARD

The standard for issuance of a temporary restraining order is the same as for a preliminary injunction.[1] *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). To obtain a TRO or preliminary injunction, a plaintiff must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## DISCUSSION

Defendant Carey raises several arguments in opposition to the TRO Motion, including that Plaintiff has not shown irreparable harm because "[m]onetary injury ordinarily does not constitute irreparable harm." TRO Opp. at 7. The Court agrees.

To establish irreparable harm, a moving party must show an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *St. Joseph's Hosp. Health Ctr.*, 131 F. 4th at 106 (quoting *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020)). The TRO Motion requests only the transfer of funds held in Defendant Carey's segregated Interest on Lawyers' Trust Accounts (IOLTA) account to Plaintiff. TRO Motion at 2-3. The Court sees no reason that the alleged injury—the withholding of funds—cannot be addressed through an award of money damages. Plaintiff argues that without immediate access to the funds he cannot "support himself," thereby "ruining his credit, restricting his travel, [and] severely hampering his ability to conduct his business . . . and to satisfy his debts

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

and obligations . . . ." *Id.* at 20. However, Plaintiff offers no further elaboration or evidence to support these claims. Such "conclusory assertions" are insufficient to demonstrate irreparable harm and "provide[] no basis to disrupt the normal pace of this litigation." *Wang v. Bank of Am. Corp.*, No. 23 Civ. 4508, 2025 WL 2611410, at *3 (S.D.N.Y. Sept. 10, 2025).

Because irreparable harm "must . . . be satisfied before the other requirements for an injunction can be considered," S*tate Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Practice P.C.*, 120 F.4th 59, 80 (2d Cir. 2024), and Plaintiff has failed to demonstrate irreparable harm here, the Court need not consider the remaining TRO factors.

**CONCLUSION**

For the foregoing reasons, Plaintiff's emergency motion for a temporary restraining order and preliminary injunction is **DENIED.**

The Clerk of Court is respectfully requested to terminate ECF No. 30.

SO ORDERED.

Dated: October 14, 2026
New York, New York

DALE E. HO
United States District Judge